CORRECTED

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 21-589V**

* * * * * * * * * * * * * * *
FIRAS IDO, *
Petitioner, * Special Master Shah
v. * Filed: July 27, 2026
SECRETARY OF HEALTH AND HUMAN SERVICES, *
Respondent. *
* * * * * * * * * * * * * * *

*Christopher J. Webb*, Black McLaren Jones Ryland & Griffee, Memphis, TN, for Petitioner.
*Crystal Fialkowski*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 12, 2021, Firas Ido ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] ECF No. 1 ("Pet."). Petitioner alleged that he suffered from brachial neuritis/plexopathy as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination he received on June 24, 2019, and an influenza ("flu") vaccine he received on November 30, 2022. *Id.* at 1. Petitioner later filed an amended petition amending his injury to a neurological shoulder injury related to vaccine administration from the Tdap vaccination he received on June 24, 2019. ECF No. 35. On August

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

5, 2025, the parties filed a stipulation, which I adopted in a Decision awarding compensation the same day. ECF Nos. 74-75. Petitioner was awarded $10,000.00 in damages. ECF No. 75.

On October 1, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 80 ("Fees App."). Petitioner requests attorneys' fees and costs in the amount of $106,929.93. This total consists of $66,667.34 in attorneys' fees and costs incurred by Petitioner's current counsel at Black McLaren Jones Ryland & Griffee ("BMJRG"), and $40,262.59 in attorneys' fees and costs incurred by Petitioner's former counsel at Conway, Homer, P.C. *Id*. at 2. Additionally, Petitioner filed a signed statement representing that he did not incur any costs related to the prosecution of this case. Fees App., Ex. 4. Respondent responded to the application for fees and costs on October 14, 2025, stating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 81 ("Fees Resp.") at 2, 4. Petitioner filed a reply on October 20, 2025. ECF No. 82 ("Fees Reply"). After receiving notification of a deficient expert invoice, on June 26, 2026, Petitioner filed a supplemental fees application with supporting documentation and a clarification of expenses. ECF No. 83 ("Supp. Fees App.").

This matter is now ripe for consideration.

## I. Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Reasonable Hourly Rates

1. Black McLaren Jones Ryland & Griffee

Petitioner requests the following rates of compensation for his attorneys at BMJRG: for Mr. Christopher Webb, $435.00 per hour for work performed in 2024, and $472.00 per hour for work performed in 2025; for Mr. William E. Cochran, $478.00 per hour for work performed in 2024, and $519.00 per hour for work performed in 2025; and for Ms. Hallie Goodman Flanagan, $386.00 per hour for work performed in work performed in 2024. *See generally* Fees App., Ex. 2. Petitioner also seeks compensation for paralegals at rates ranging from $183.00-$199.00 per hour for work performed from 2024-2025. The hourly rates requested by Mr. Webb, the 2024 rate for Mr. Cochran, and the paralegals' rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work and shall be awarded herein. *See, e.g.*, *Cravotta v. Sec'y of Health & Hum. Servs.*, No. 23-2051V, 2025 WL 2452159 (Fed. Cl. Spec. Mstr. July 24, 2025); *Sims on behalf of A.E.S. v. Sec'y of Health & Hum. Servs.*, No. 15-1526V, 2023 WL 2234265, at *4 (Fed. Cl. Spec. Mstr. Feb. 27, 2023); *Gregory v. Sec'y of Health & Hum. Servs.*, No. 21-1857V, 2025 WL 1588104 (Fed. Cl. Spec. Mstr. Apr. 23, 2025).

The remaining hourly rates require adjustment, as they are not consistent with previously awarded rates. Ms. Flanagan will be awarded $336.00 (not $386.00) per hour for time billed in 2024. *See Sims on behalf of A.E.S.. v. Sec'y of Health & Hum. Servs.*, No. 15-1526V, 2026 WL 937537, at *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2026). This results in a reduction of $145.00.[3] Additionally, Mr. Cochran will be awarded $518.00 (not $519.00) per hour for time billed in 2025. *See Alvarado v. Sec'y of Health & Hum. Servs.*, No. 24-1214V, 2026 WL 1985303, at *2 (Fed. Cl. Spec. Mstr. June 2, 2026). This results in a reduction of $0.40.[4] These reductions total **$145.40**.[5]

2. Conway Homer, PC

Petitioner requests the following rates of compensation for his former attorneys at Conway Homer: for Mr. Ronald Homer, $447.00 per hour for work performed in work performed in 2020 and 2021, $475.00 per hour for work performed in work performed in 2022, $500.00 per hour for work performed in work performed in 2023, and $567.00 per hour for work performed in work performed in 2025; for Ms. Christina Ciampolillo, $380.00 per hour for work performed in work performed in 2021, $425.00 per hour for work performed in work performed in 2022, $470.00 per hour for work performed in work performed in 2023, and $500.00 per hour for work performed in work performed in 2024, and $537.00 per hour for work performed in work performed in 2024; for Mr. Joseph Pepper, $455.00 per hour for work performed in work performed in 2023, and $485.00 per hour for work performed in work performed in 2024; for Ms. Meredith Daniels, $350.00 per hour for work performed in work performed in 2021, and $485.00 per hour for work performed in work performed in 2024; and for Mr. Patrick Kelly, $345.00 per hour for work performed in work performed in 2024. For paralegals, petitioner requests the following rates:

---

[3] This amount is calculated as follows: ($386.00 - $366.00) x 2.9 hrs. = $145.00.

[4] This amount is calculated as follows: ($519.00 - $518.00) x 0.4 hrs. = $0.40.

[5] This amount is calculated as follows: $145.00 + $0.40 + $563.40 = **$145.40**.

$145.00-$207.00 per hour for work performed in work performed in 2019- 2025. These rates are consistent with what counsel and staff have previously been awarded for their Vaccine Program work, and I find them to be reasonable here. *See, e.g.*, *Guzman v. Sec'y of Health & Hum. Servs.*, No. 22-957V, 2025 WL 1891419, at *3 (Fed. Cl. Spec. Mstr. June 9, 2025); *Vargas-Stellon v. Sec'y of Health & Hum. Servs.*, No. 22-863V, 2024 WL 4930698, at *1 (Fed. Cl. Spec. Mstr. Nov. 6, 2024); *K.L. v. Sec'y of Health & Hum. Servs.*, No. 17-1660V, 2024 WL 4043684, at *2 (Fed. Cl. Spec. Mstr. Apr. 12, 2024).

**B. Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

I have reviewed the billing records submitted with Petitioner's request, and I find a reduction is necessary for the reasons set forth below.

1. <u>Black McLaren Jones Ryland & Griffee</u>

I have identified several charges throughout the billing records submitted by BMJRG that are for inappropriate clerical tasks, totaling approximately 6.10 hours. Examples include (but are not limited to):

- August 23, 2024: 1.00 hours billed at $183.00/hour by a paralegal: "Saved filings from court after order substituting attorney."
- September 9, 2024: 0.50 hours billed at $183.00/hour by a paralegal: "Submitted Chris Webb trip expenses. Drafted and sent post meeting letter to client."
- March 21, 2025: 2.00 hours billed at $199.00/hour by a paralegal: "Drafted Notice of Filing and Table of Contents, prepared exhibits for filing."
- June 10, 2025: 0.20 hours billed at $199.00/hour by a paralegal: "Filed amended petition."

*See, e.g.*, Fees App., Ex. 2. These tasks resulted in $1,170.70 charged fees. Accordingly, I find that a **$1,170.70** reduction in attorneys' fees is appropriate.

Accordingly, Petitioner is awarded final attorneys' fees in the amount of $49,495.90 for the work performed by BMJRG.

2. <u>Conway Homer, PC</u>

For Conway Homer, a reduction is also necessary for time billed for administrative and clerical tasks. Some entries were also block billed, meaning non-compensable administrative tasks were indistinguishably billed together with compensable tasks. *See generally* Fees App., Ex. 5. Examples of these non-compensable entries include (but are not limited to):

- July 16, 2021: 0.40 hours billed at $170.00/hour by a paralegal: "Draft NOF for Exs. 1-3, final review of exhibits for any pagination errors prior to filing, draft exhibit list, filed pleadings and exhibits electronically, update case file with copies of pleadings."

- October 28, 2021: 3.5 hours billed at $155.00/hour by a paralegal: "Continue/complete initial record summary, summarize medical records/exhibits 3; volumes I, pg 269 to 606; transmit pertinent medical appointments and testing in chronological med record summary; take notes to confirm f/u visits and testing is included as ordered; note any potentially missing records. Review insurance EOBs and compare to record summary. Review notes taken during summary and draft memo to SR outlining missing records and follow up needed.

- March 15, 2022: 0.30 hours billed at $170.00/hour by a paralegal: "Review order, draft motion for extension of time, filed electronically following attorney review, copy of pleading saved to case file."

- January 13, 2023: 0.70 hours billed at $185.00/hour by a paralegal: "log into MRO portal and process electronic payment for medical records from St. Luke's Dermatology; St. Luke's Cedar Point Primary Care; St. Luke's Center for Diabetes and Endocrinology and St. Luke's Orthopedic Care. Updated case file with invoices and payment details."

*See, e.g.*, Fees App., Ex. 5. Because these tasks were performed over four years (from 2021-2024), billed at different hourly rates, and included both administrative tasks and block billing, I will apply a flat $1,000.00 deduction from the requested attorneys' fees. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $32,261.20 for the work performed by Conway Homer.

**C. Attorneys' Costs**

1. <u>Black McLaren Jones Ryland & Griffee, PC</u>

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $15,855.34 in attorneys' costs incurred by BMJRG. This amount is comprised of postage, medical records, the Court's filing fee, travel-related expenses, including airfare, lodging, meals, and ground transportation, and expert services provided by Joseph Jeret, M.D., and Justin Willer, M.D. *See* Fees App. at Ex. 2.

a. *Expert costs*

Petitioner requests reimbursement for expert services provided by Dr. Jeret, at $500.00 per hour for 12.75 hours, totaling $6,375.00. Fees App., Ex. 2 at 31. Dr. Jeret's requested rate is consistent with what he has been awarded for his past work in the Program, and his billing records appear reasonable. *See, e.g., Bettinger v. Sec'y of Health & Hum. Servs.*, No. 23-1478V, 2025 WL 3267266, at *5 (Fed. Cl. Spec. Mstr. Oct. 27, 2025).

Petitioner requests reimbursement for expert services provided by Dr. Willer, at $550.00 per hour for 6 hours, totaling $3,300.00, as well as an independent medical examination ("IME") for $1,500.00, and an electromyograph ("EMG") for $1,500.00. *See* Fees App., Ex. 2 at 29-30; Supp. Fees App. at 3. Petitioner's initial motion for attorneys' fees and costs included an invoice from Dr. Willer, billed as a lump sum for $3,475.00. Fees App., Ex. 2 at 29. However, on June 26, 2026, Petitioner filed a detailed invoice for Dr. Willer, requesting to amend his costs related to Dr. Willer's invoice to $3,300.00. Supp. Fees App. at 3. Petitioner explained that "[t]he expert management company erroneously billed the amount of $3,475.00, which Petitioner's counsel paid, and is going to refund the $175.00 discrepancy directly to Petitioner's counsel." Supp. Fees App. at 1. This billing error results in a reduction of **$175.00**. Otherwise, Dr. Willer's requested rate is consistent with what he has been awarded for his past work in the Program, and his billing records appear reasonable. *See, e.g., Cheatwood v. Sec'y of Health & Hum. Servs.*, No. 21-23V, 2025 WL 3689117, at *3 (Fed. Cl. Spec. Mstr. Aug. 6, 2025).

b. Lodging

Petitioner requests reimbursement for Mr. Webb's travel expenses related to a client visit from September 6, through September 7, 2024, in Philadelphia, Pennsylvania. During this client visit, Mr. Webb stayed at the Four Seasons Hotel at a nightly rate of $475.00, excluding taxes and fees. Fees App., Ex. 2 at 24. Excluding food and parking, the total for his stay was $1,140.40. While counsel is not bound by the GSA daily lodging budget, I use that as a general guideline for the reasonableness of the cost requested. The September 2024 rate for Philadelphia, PA is $211.00 per night.[6] As such, I will reduce the lodging costs requested by 30%, or $342.12.

c. Meals

Petitioner requests reimbursement for various meal expenses incurred by Mr. Webb on his trip to Philadelphia, Pennsylvania for the in-person client meeting in September 2024. There are no corresponding receipts for the meals billed by Mr. Webb, other than the charges appearing on the hotel invoice. *See generally* Fees App. Ex. 2. This issue is not new to Mr. Webb. *See, e.g., Moua v. Sec'y of Health & Hum. Servs.*, No. 21-1023V, 2025 WL 2443149, at *4 (Fed. Cl. Spec. Mstr. May 14, 2025) (reducing Mr. Webb's meals by 50% because there were no itemized receipts for the meals, only the hotel invoice). Because Mr. Webb did not submit an itemized receipt for these meals, I will reduce these costs by 50%, resulting in a reduction of **$171.86**.[7]

[6] *See* GSA FY 2024 Per Diem Rates for Philadelphia, Pennsylvania at: https://www.gsa.gov/travel/plan-book/per-diem-rates.

[7] This amount is calculated as $62.92 + $52.36 + $81.84 + $111.68 + $34.92 = $343.72 x 50% = **$171.86**.

Petitioner has otherwise provided adequate documentation supporting the other requested costs. Accordingly, Petitioner is awarded a total of $14,882.69 for costs incurred by BMJRG.

2. Conway Homer, PC

Petitioner requests a total of $7,001.39 in attorneys' costs, including the acquisition of medical records, postage, copies, and expert services provided by physiatrist Anandeep Kumar, M.D. *See* Fees App., Ex. 5, Tab B.

Petitioner requests reimbursement for expert services provided by Dr. Kumar at $400.00 per hour for 11.5 hours, totaling $4,600.00. Fees App., Ex. 5, Tab B at 24. This appears to be Dr. Kumar's first case in the Vaccine Program; therefore, he has not been awarded an expert rate. Dr. Kumar received his medical degree from Sri Venkateswara University Medical College & Hospitals (Tirupati, India) in 1992, and completed his surgery residency training program at the Medical University of Ohio (Toledo, Ohio) in 1999, and his physical medicine and rehabilitation residency training program at Marianjoy Rehabilitation Hospital & Rehabilitation Medicine Clinics (Wheaton, Illinois) in 2002. *See* Fees App., Ex. 5, Tab D at 1-2. Dr. Kumar holds numerous board certifications, including in physical medicine and rehabilitation and electro-diagnostic medicine. *Id.* at 1. He has more than 20 years of clinical experience and appears to be well qualified to provide an expert opinion in the Vaccine Program. *See id.* I find Dr. Kumar's rate and the work he performed in this case to be reasonable and will award his requested costs in full.

The remaining costs requested in this matter appear reasonable and are fully supported. Accordingly, Petitioner is awarded a total of $7,001.39 for costs incurred by Conway Homer.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable in part. I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| **BMJRG** | |
| Attorneys' Fees Requested | $50,812.00 |
| (Reduction of Fees) | ($1,316.10) |
| **Total Attorneys' Fees Awarded** | **$49,495.90** |
| | |
| Attorneys' Costs Requested | $15,855.34 |
| (Reduction of Costs) | ($688.98) |
| **Total Attorneys' Costs Awarded** | **$15,166.36** |
| | |
| **Total Attorneys' Fees and Costs (BMJRG)** | **$64,662.26** |
| | |

| | |
|---|---|
| **Conway Homer, PC** | |
| Attorneys' Fees Requested | $33,261.20 |
| (Reduction of Fees) | ($1,000.00) |
| **Total Attorneys' Fees Awarded** | **$32,261.20** |
| | |
| Attorneys' Costs Requested | $7,001.39 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,001.39** |
| | |
| **Total Attorneys' Fees and Costs (Conway Homer, PC)** | **$39,262.59** |

Accordingly, Petitioner is awarded attorney's fees and costs as follows:

1. A lump sum of $64,662.26 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's (Black McLaren Jones Ryland & Griffee) IOLTA account for prompt disbursement.

2. A lump sum of $39,262.59 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's former counsel's (Conway Homer, PC) IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).